**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No.

SYLVESTER STORY,

    Plaintiff,

v.

UA-WAV, LLC d/b/a UNITED ACCESS,

    Defendant.

---

**DEFENDANT UA-WAV, LLC d/b/a UNITED ACCESS'
NOTICE OF REMOVAL OF ACTION**

---

    Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant UA-WAV, LLC d/b/a United Access ("United Access"), by and through its attorneys, Lewis Brisbois Bisgaard & Smith LLP, hereby files this Notice of Removal of the action commenced in Douglas County District Court captioned *Sylvester Story v. UA-WAV LLC d/b/a United Access*, Douglas County, Colorado District Court, Case No. 20CV30368 (the "State Court Action"). In support thereof, Defendant United Access states as follows:

**I.    TIMELINESS OF REMOVAL**

    1.    On May 11, 2020, Plaintiff Sylvester Story ("Plaintiff") filed his Complaint in the State Court Action. *See* Compl. attached hereto as **Exhibit A**. Plaintiff's Complaint alleges causes of action for (1) Race discrimination under Title VII; 2) Racial harassment and a hostile work environment under Title VII; 3) Race discrimination under Section 1981; 4) Racial harassment and/or hostile work environment under Section 1981; 5) Race discrimination under

the Colorado Anti-Discrimination Act; 6) Racial harassment and/or hostile work environment under the Colorado Anti-Discrimination Act.

2. Plaintiff served his Complaint on Defendant United Access on May 12, 2020.

3. On May 19, 2010, Plaintiff filed his Amended Complaint and Jury Demand. See Amended Compl., attached hereto as **Exhibit B**. Plaintiff's Amended Complaint has the same six causes of action as the Complaint (see **Exhibit A**).

4. Plaintiff served his Amended Complaint on Defendant United Access on May 20, 2020. Thus, this Notice of Removal is being filed within 30 days of service of the Complaint upon Defendant pursuant to 28 U.S.C.

5. This notice of removal is therefore timely filed.

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper in this district, pursuant to 28 U.S.C. § 1441(a), because it embraces the Douglas County, Colorado District Court, where the removed action has been pending.

8. Defendant United Access timely files this Notice of Removal pursuant to 28 U.S.C. § 1446(3). The Civil Case Cover Sheet indicates that Plaintiff seeks a monetary judgment over $100,000. **Exhibit C**. This Notice of Removal is timely filed on June 8, 2020, within the 30-day period after Plaintiff's filing of the Complaint.

## II. GROUNDS FOR REMOVAL

*A. Diversity of Citizenship*

9. For the purposes of diversity jurisdiction, a party's "citizenship has the same meaning as domicile." *Walden v. Broce Const. Co.,* 357 F.2d 242, 245 (10th Cir. 1966); *Veranda Assocs., L.P. v. Hooper*, 496 F. App'x 455, 457 (5th Cir. 2012). While "residenc[y] alone is not the equivalent of citizenship, . . . the place of residence is *prima facie* the domicile." *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

10. Plaintiff is domiciled in Colorado. Plaintiff's Complaint states that he is a resident of Colorado. **Exhibit B**, Am. Compl. ¶ 2.

11. Defendant United Access is a Missouri corporation. **Exhibit D**, Secretary of State Certificate. Defendant United Access' principal place of business is at 9389 Natural Bridge Road, Saint Louis, MO, 63134.

12. For diversity purposes, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). The Supreme Court holds that the principal place of business is the corporation's "nerve center" which "is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. And in practice it should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *see also Grynberg v. Kinder Morgan Energy, Ltd. P'ship*, 805 F.3d 901, 905 (10th Cir. 2015) ("For diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located.").

13. Thus, for diversity jurisdiction purposes, Defendant United Access is a citizen of Missouri.

14. Based on the foregoing, there is complete diversity between the parties within the meaning of 28 U.S.C. § 1332. *See Exxon Mobile Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 553 (2005) (requiring complete diversity).

15. Plaintiff's Civil Case Cover Sheet was filed on May 11, 2020. **Exhibit C**. The Civil Case Cover Sheet indicates Plaintiff seeks a monetary judgment over $100,000. "The Tenth Circuit has held that a Colorado civil cover sheet is adequate notice of the amount in controversy sought by plaintiff." *See Stazick v. State Farm Mut. Auto. Ins. Co.*, Civil Action No. 18-cv-03357-PAB, 2019 U.S. Dist. LEXIS 20824, at *2-3 (D. Colo. Feb. 8, 2019) (citing *Paros Props. LLC v. Colo. Casualty Ins. Co.*, 835 F.3d 1264, 1272 (10th Cir. 2016)).

16. The alleged amount in controversy exceeds the $75,000.00 jurisdictional minimum, as required under 28 U.S.C. § 1332(a)(2). *See Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1291 n.4 (10th Cir. 2001) (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995) (determination of amount in controversy required by 28 U.S.C. § 1332 is satisfied by examining the complaint, or, if damages are not expressly quantified therein, by examining the Notice of removal). Removal is proper if it is more likely than not that the claim exceeds $75,000. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (proponent of federal jurisdiction must prove jurisdictional facts by a preponderance of the evidence). However, a defendant may rely on an estimate of the potential damages from the allegations in the complaint. A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal. *Id.* Such is the case here, in which

Plaintiff has stated in his Civil Case Cover Sheet that the claimed damages will amount to more than $100,000.  See **Exhibit C**.

 B. *Federal Question Jurisdiction*

  17. Pursuant to 28 U.S.C. § 1331, this case is removable to his Court on the basis of federal question jurisdiction.  Specifically, Plaintiff brings claims under Title VII for alleged discrimination based on race, hostile work environment based on race, and section 1981 race discrimination.  **Exhibit B**.  These are all allegations of violations of Title VII and Section 1981, which are federal laws.  If a civil action in state court satisfies the requirements for original federal jurisdiction, including diversity jurisdiction or federal question jurisdiction, the defendant may remove the action to federal district court.  See *Caterpillar Inc. v. Lewis*, 519 U.S. at 68; *Huffman v. Saul Holdings LP*, 194 F.3d 1072, 1076 (10th Cir. 1999).  Thus, removal is proper pursuant to 28 U.S.C. § 1331.

### III. PROPER COURT FOR REMOVAL

  18. Plaintiffs filed the State Court Action in Douglas County Court in the State Court of Colorado.

  19. Thus, the United States District Court for the District of Colorado is the proper court in which to remove this action pursuant to 28 U.S.C. §1441(a) and 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action was pending.

### IV. NOTICE TO ADVERSE PARTIES AND STATE COURT

  20. Defendant United Access will serve a copy of this Notice of Removal on Plaintiff's counsel and will file a copy with the Douglas County District Court, as required by 28

U.S.C. § 1446(d). A copy of the Notice of Filing Notice of Removal to be filed with the Douglas County District Court and served upon Plaintiff's counsel is attached hereto as **Exhibit E**.

21.     A copy of the State Court Docket, State Court Summons, State Court Delay Reduction Order and State Court Return of Service are attached hereto as **Exhibit F**. To the best of Defendant's knowledge, no further proceedings, process, pleadings, orders, or other papers have been filed or served in the State Court Action.

22.     If any question arises as to the propriety of the removal of this action, Defendant United Access requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, Defendant United Access respectfully requests that the filing of this Notice of Removal shall effect the removal of this case to the United State District Court for the District of Colorado.

Dated: June 8, 2020            By: *s/ Alice Conway Powers*
                                   Alice Conway Powers, Atty. Reg. No.: 47098
                                   Amanda E. Bauer, Atty. Reg. No.: 51350
                                   LEWIS BRISBOIS BISGAARD & SMITH LLP
                                   1700 Lincoln Street, Suite 4000
                                   Denver, Colorado 80203
                                   Phone: 303.861.7760
                                   Alice.Powers@lewisbrisbois.com
                                   Amanda.Bauer@lewisbrisbois.com
                                   *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of June, 2020, I presented the foregoing **DEFENDANT'S NOTICE OF REMOVAL OF ACTION** to the Clerk of the Court for filing and uploading to the CM/ECF system and via U.S. mail to counsel as follows:

*Tyler C. Patrick*
*Corey W. Knoebel*
*Patrick & Knoebel, LLC*
*2828 North Speer Blvd., #140*
*Denver, CO  80211*
*Attorneys for Plaintiff*

              *s/ Alice Conway Powers*
              Lewis Brisbois Bisgaard & Smith LLP