| | |
|---|---|
| **DOUGLAS COUNTY DISTRICT COURT, STATE OF COLORADO**<br><br>**Court Address:**<br>**4000 Justice Way**<br>**Castle Rock, CO 80109** | DATE FILED: May 11, 2020 1:08 PM<br>FILING ID: 2367FC4AB3FC1<br>CASE NUMBER: 2020CV30368 |
| Plaintiff(s):  **SYLVESTER STORY**<br><br>v.<br><br>Defendant(s): **UA-WAV, LLC d/b/a UNITED ACCESS** | ▲**COURT USE ONLY**▲ |
| *Attorneys for Plaintiff:*<br>**Patrick & Knoebel, LLC**<br>Tyler C. Patrick, #51999<br>Corey W. Knoebel, #52071<br>2828 North Speer Boulevard #140<br>Denver, Colorado 80211<br>(303) 567-6277<br>tyler@patrickandknoebel.com<br>corey@patrickandknoebel.com | Case No.:<br><br><br>Courtroom: |
| **COMPLAINT & JURY DEMAND** | |

COMES NOW the Plaintiff, Sylvester Story, by and through undersigned counsel, Patrick & Knoebel, LLC, and for Plaintiff's Complaint against the above-captioned Defendant, UA-WAV, LLC d/b/a United Access, states and alleges as follows:

## NATURE OF THE CASE

This is an employment discrimination case arising from the discriminatory treatment of Sylvester Story ["Story"] by his former employer, UA-WAV, LLC d/b/a United Access ["United Access"]. Story is a Black male. Story was subjected to race discrimination, based on his protected status as a black male, a hostile work environment, and separation from employment/constructive discharge. The discriminatory actions of United Access violated the

EXHIBIT A

Civil Rights Act of 1866, 42 U.S.C. § 1981, *as amended* by the Civil Rights Act of 1991 [Section 1981], Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq. as amended* [Title VII], and the Colorado Anti-Discrimination Act C.R.S. 24-34-401 *et seq.* [CADA].

## **PARTIES, JURISDICTION AND VENUE**

1. This is an action under the CADA, Section 1981 and Title VII challenging the race discrimination, hostile work environment, and separation from employment/constructive discharge committed by United Access against Story.

2. Plaintiff, Story, is an individual who at all material times hereto resided in Arapahoe County, Colorado.

3. Defendant, United Access, is a Missouri limited liability company with business locations throughout Colorado and a Colorado registered agent located at 6285 Corporate Drive, Colorado Springs, Colorado 80919.

4. Defendant, United Access, operates a business located at 5910 East County Line Road, Highlands Ranch, Douglas County, Colorado 80126.

5. Defendant, United Access, employed Plaintiff Story at its Highlands Ranch, Colorado location.

6. Pursuant to C.R.C.P 98(c), jurisdiction and venue are proper because the acts, omissions and events giving rise to this claim occurred solely in the County of Douglas, State of Colorado.

7. As a direct and proximate result of the acts, omissions and events complained of herein, Story has sustained damages in excess of the minimum jurisdictional limits of this court.

## **ADMINISTRATIVE PROCEDURES**

8. Before filing this action, Story timely, properly, and lawfully exhausted all required administrative prerequisites, procedures, and remedies.

9. On or about June 27, 2019, within 180 days of the acts of which he complains, Plaintiff timely and properly filed his charges of employment discrimination based upon race, and including hostile work environment, against United Access with the Colorado Civil Rights Division [CCRD]. [CCRD Charge No. FE2019087640].

10. The CCRD jointly filed Story's charges against United Access with the Equal Employment Opportunity Commission on June 27, 2019. [EEOC Charge No. 32A-2019-0062].

11. On March 3, 2020, within 90 days prior to filing this Complaint and Jury Demand, the CCRD and the EEOC issued an Administrative Release (Right to Sue) with respect to Plaintiff's charge of discrimination.

12. This civil action is timely and properly filed. Story has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

## GENERAL ALLEGATIONS

13. On or about December 17, 2018, Story, a Black male, first reported to work for United Access at its Highlands Ranch, Colorado location.

14. United Access is a provider of new and used handicap accessible vehicles.

15. Story was hired to work for United Access as a full-time Mobility Technician, and his work duties included but were not limited to installation of new mobility equipment and diagnostics, repair of installed failed equipment, and inspection and cleaning of installed mobility equipment.

16. As a Mobility Technician at United Access, Story reported to Ron Sherman ("Sherman"), a service manager, and Chase Beyer ("Beyer"), who was his general manager.

17. At United Access, Story worked alongside Gary Perry ("Perry"), a Caucasian male who was also employed by United Access as a Mobility Technician.

18. Shortly after Story began working at United Access, he became the subject of racial discrimination.

19. On or about January 12, 2019, after completing a work project with Story, Perry stated to the service manager, Sherman, "did our little African friend tell you we figured out the African way to finish the job?" Perry was alluding to the racist epithet "nigger rigging." Story, highly distraught, responded by saying that his race had nothing to do with getting the job done or how it was done. In response, and again in the presence of manager Sherman, Perry made the statement to Story that he should not be upset about slavery, because "blacks and Africans actually enslaved themselves."

20. As a result of these racially derogatory statements, Story made a complaint that day to his general manager, Beyer. Beyer stated that Perry's behavior would be addressed.

21. Upon information and belief, Perry was not formally reprimanded for making the foregoing racially discriminatory comments.

22. On or about February 4, 2019, in front of Story and with the intention that Story hear it, Perry commented to manager Sherman that he "carries a pistol" any time he goes into "black neighborhoods" such as Aurora or Five-Points.

23. As a Black man, Story not only felt uncomfortable, but threatened by Perry's comment regarding his carrying firearms into "black neighborhoods."

24. Following Perry's discriminatory comment regarding carrying pistols into black neighborhoods, Story once again made a formal complaint to Beyer, who had Story complete a written complaint form, which upon information and belief was then forwarded to the regional service manager, Drew Lawless ("Lawless"), and Rich Vanhause ("Vanhaus"), the head of human resources.

25. On or around the beginning of March 2019, Kevin Landeck ("Landeck"), regional vice president for United Access, visited Colorado from the corporate headquarters in Missouri. During this visit, Landeck held a meeting with United Access employees at the Highlands Ranch, Colorado location. At the meeting, Landeck stated that employees should not make comments about race, and specifically racist comments towards "colored people." Story was not present at this meeting but later learned of Landeck's comments regarding "colored people" from Sherman.

26. On or about March 27, 2019, Story was working on a truck that had been brought in for service, when Perry pulled a different truck into the shop. After pulling the truck into the shop, and in a deliberate attempt to make Story uncomfortable, Perry walked over to Story to tell him that the truck must be from the South, because it had "Plantation Ford" on the license cover, and that there are no slave plantations anywhere else but the South. Mr. Story again complained to his general manager, Beyer, and Vanhause in human resources.

27. On or about April 5, 2019, Perry, unprovoked, threw a very heavy box filled with installation equipment at Story. The box weighed approximately 50 pounds.

28. Due to Perry's continuous and open racial hostility toward Story, as well as the increasing threat of physical harm, Story made another verbal complaint to Beyer and Landeck, the regional Vice President of United Access. In the process of making his complaint, Story questioned why Perry was permitted by United Access to continue making discriminatory comments and acting out against Story without any repercussion. Beyer responded to Story's complaint by stating that United Access simply could not let Perry go because he had too much experience, which was hard to find.

29. On or about April 8, 2019, Story made a formal complaint as months had passed and there had been no resolution or action taken by United Access with respect to the ongoing racial discrimination perpetrated by Perry. In addition, Story advised management at United Access that he felt very uncomfortable working with Perry.

30. In response to Story's complaints of ongoing discrimination by Perry, United Access merely had Perry complete an online sensitivity training course, and then immediately returned him to working side-by-side with Story.

31. On or about April 15, 2019, Story had a conference call with Landek, regional vice president for United Access, and Tom Reed, the new general manager for United Access' Highlands Ranch location. During this call, Landek admitted that Perry had exhibited problematic behavior pre-dating his interactions with Story. However, Landek commented that the problematic nature of Perry's treatment of others, including Story, was merely "subjective." During this conversation, Landek also stated that he would not transfer Perry to another United Access location, because it would cost too much money.

32. United Access, in choosing not to implement reasonably prompt and appropriate corrective action in response to Mr. Perry's discriminatory conduct and comments towards Story, permitted the perpetuation of a workplace that permeated with discriminatory intimidation, ridicule, and/or insult that was sufficiently severe and/or pervasive to alter the conditions of Story's employment and created an abusive working environment.

33. United Access had made working conditions, due to its permitting and accepting racial discrimination against Story, so intolerable that Story had no other reasonable choice but to separate from his employment with United Access on April 24, 2019.

34. United Access involuntarily separated and constructively discharged Story from his employment with United Access.

35. As a direct, foreseeable, and proximate result of the intentional unlawful conduct complained of herein, Story suffered injuries, damages, and other losses.

36. Story's damages include emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and the loss of wages, earnings, income, diminution of earning capacity, actual and/or potential retirement benefits, loss of employment, future pecuniary losses, and other damages to be determined at trial.

## CLAIMS FOR RELIEF

### FIRST CLAIM

### [Race Discrimination – 42 U.S.C. § 2000e et. al. - Title VII]

37. Story hereby incorporates and restates all allegations previously asserted in this Complaint as though fully incorporated herein.

38. Story, a Black male, is in the Title VII protected status based on his race.

39. United Access discriminated against Story because of his racially protected status under Title VII.

40. United Access discriminated against Story: (1) with respect to his compensation, terms, conditions, and/or privileges of employment, because of his racially protected status; and/or (2) by limiting, segregating, or classifying Story in a way, which deprived, or tended to deprive, Story of employment opportunities, or otherwise adversely affect his status as an employee, because of his racially protected status.

41. United Access treated Story, a Black male, more adversely than white employees because of his race, concerning the terms and conditions of employment, and subjecting him to an involuntary separation / constructive discharge from employment.

42. United Access knowingly permitted, tolerated and/or allowed Perry, a white male, to engage in the direct, continual, increasing, and intentional racial discrimination of Story, a Black male, while protecting the interests of Perry.

43. United Access' treatment of Story constitutes unlawful race discrimination in violation of 42 U.S.C. § 2000e-2(a) (1)(2), and unlawful discriminatory practices in violation of 42 U.S.C. §§ 1981a (a) (1), (b) (1) (2) (3) (D), and (d) (1) (2).

## SECOND CLAIM

### [Racial Harassment / Hostile Work Environment – Title VII]

44. Story hereby incorporates and restates all allegations previously asserted in this Complaint as though fully incorporated herein.

45. Title VII prohibits racial discrimination and harassment in the form of a hostile work environment, based on race. 42 U.S.C. Sections 2000e-2(a)(1).

46. United Access, in consideration of all the facts, in a cumulative manner, created, permitted, tolerated and/or perpetuated a hostile and abusive work environment, based upon race, against Story.

47. The conduct and comments directed at Story by Perry, that was permitted, tolerated and/or allowed to perpetuate by United Access, subjected Story to materially adverse conduct which was unwelcome and offensive.

48. The conduct and comments directed at Story by Perry, that was permitted, tolerated and/or allowed to perpetuate by United Access, subjected Story to materially adverse conduct

which: (1) was sufficiently severe and/or pervasive as to adversely alter the terms, conditions, and privileges of Story's employment; (2) created an abusive working environment for Story, involving discriminatory intimidation, ridicule, and insult, causing him emotional and/or physical harm; and (3) was racial in nature, and/or specifically and solely directed at Story, because of his Title VII protected class based upon race.

49. United Access created, permitted, tolerated and/or perpetuated the racial harassment and hostile environment of Story by refusing to take adequate and appropriate corrective measures to address Perry's ongoing and escalating discriminatory conduct and comments towards Story, and by forcing Story to work with Perry, thereby effectively discharging Story from employment.

50. United Access is liable for subjecting Story to the racially hostile work environment claim because Perry, a co-worker, engaged in the harassment of Story, and United Access' supervisors and managers permitted, tolerated and/or perpetuated the harassment by refusing to protect Story's employment, and the harassment resulted in Story's adverse tangible employment action, his constructive discharge.

51. In addition to, or in the alternative to the contention set forth in the above paragraph, United Access is liable for subjecting Story to the racially hostile work environment claim because Story was subjected to racial harassment by Perry, a co-worker, and United Access' supervisors and managers knew or should have known of all the materially adverse conduct in issue.

52. United Access failed to: (1) stop the materially adverse conduct in issue; and (2) implement reasonably prompt and appropriate corrective action.

53. Certain discriminatory conduct and comments of Perry, a co-worker, towards Story, witnessed by United Access' managers or supervisors, were individually sufficiently severe to

materially alter the terms, conditions, and privileges of Story's employment resulting in a hostile and abusive work environment.

54. Each successive episode of Perry's discriminatory conduct against Story, which United Access knew or should have known about, constituting the hostile work environment, had its predecessors, and the impact of the separate incidents accumulated such that the unlawful work environment created, exceeded the sum of any individual episode.

55. United Access' treatment of Story constitutes: (1) an unlawful, hostile work environment, based on race, in violation of 42 U.S.C. § 2000e-2(a) (1)(2), and (2) unlawful discriminatory practices in violation of 42 U.S.C. §§ 1981a (a) (1), (b) (2) (3), and (d) (1) (2).

## THIRD CLAIM

**[Race Discrimination – 42 U.S.C. § 1981 – Section 1981]**

56. Story hereby incorporates and restates all allegations previously asserted in this Complaint as though fully incorporated herein.

57. Story, a black male, is in the 42 U.S.C. § 1981 (Section 1981) protected status based on race.

58. United Access discriminated against Story by creating, tolerating, allowing, perpetuating and/or condoning Perry's conduct and comments directed at Story because of his racially protected status under Section 1981.

59. United Access' treatment of Story constitutes unlawful discrimination in violation of 42 U.S.C. § 1981.

## FOURTH CLAIM

**[Racial Harassment / Hostile Work Environment – 42 U.S.C. § 1981 – Section 1981]**

60. Story hereby incorporates and restates all allegations previously asserted in this Complaint as though fully incorporated herein.

61. Racial discrimination and harassment in employment, in the form of a hostile work environment based on race, is prohibited by 42 U.S.C. § 1981.

62. United Access subjected Story to unlawful racial discrimination, in the form of a racially hostile work environment, in violation of 42 U.S.C. § 1981.

63. United Access' treatment of Story constitutes an unlawful, hostile work environment in violation of 42 U.S.C. § 1981.

## FIFTH CLAIM

### [Race Discrimination – Colorado Anti-Discrimination Act - CADA]

64. Story hereby incorporates and restates all allegations previously asserted in this Complaint as though fully incorporated herein.

65. Story is a member of the CADA protected status based on race.

66. United Access discriminated against Story because of his racially protected status.

67. United Access discriminated against Story: (1) with respect to his compensation, terms, conditions, and/or privileges of employment, because of race; and/or (2) by limiting, segregating, or classifying Story in a way, which deprived, or tended to deprive, Story of employment opportunities, or otherwise adversely affect his status as an employee, because of his race.

68. United Access treated Story, a Black male, more adversely than white employees because of his race, concerning the terms and conditions of employment, and subjecting him to an involuntary separation / constructive discharge from employment.

69. United Access knowingly permitted Perry, a white male, to engage in the direct, continual, increasing, and intentional racial discrimination of Story, a Black male, while protecting the interests of Perry.

70. United Access' treatment of Story constitutes unlawful race discrimination in violation of CADA.

## SIXTH CLAIM

### [Racial Harassment / Hostile Work Environment – CADA]

71. Story hereby incorporates and restates all allegations previously asserted in this Complaint as though fully incorporated herein.

72. CADA prohibits racial discrimination and harassment in the form of a hostile work environment, based on race.

73. United Access, in consideration of all the facts, in a cumulative manner, created, permitted, tolerated and/or perpetuated a hostile and abusive work environment, based upon race, against Story.

74. United Access is liable for subjecting Story to the hostile work environment based on race.

75. United Access' treatment of Story constitutes an unlawful hostile work environment, based on race, in violation of CADA.

## REQUEST FOR RELIEF

**WHEREFORE,** United Access' unlawful conduct directly caused Story to suffer injuries, damages and losses.

**FURTHER,** Story respectfully requests this Court to enter judgment in his favor and against Defendant United Access on his claims and award the following relief under Title VII, 42 U.S.C. Section 1981, and the CADA, and all applicable laws:

(a) To enter a judgment in favor of Story and against United Access, finding the acts of United Access constitute unlawful: (1) race discrimination in violation of Title VII; and (2) race discrimination, in the form of racial harassment and a hostile work environment based on race, in violation of Title VII.

(b) To enter a judgment in favor of Story and against United Access, finding the acts of United Access constitute unlawful: (1) race discrimination in violation of 42 U.S.C. Section 1981; and (2) race discrimination, in the form of racial harassment and a hostile work environment based on race, in violation of 42 U.S.C. Section 1981.

(c) To enter a judgment in favor of Story and against United Access, finding the acts of United Access constitute unlawful: (1) race discrimination in violation of CADA; and (2) race discrimination, in the form of racial harassment and a hostile work environment based on race, in violation of CADA.

(d) To award Story remedies of damages for back pay, restored benefits, accommodations, actual monetary damages, lost wages, retirement contributions, all loss of income, and all loss of monetary damages to which he is entitled.

(e) To award Story compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, future pecuniary losses, and other non-pecuniary losses, and all compensatory damages to which he is entitled.

(f) To award Story the remedy of front pay.

(g) To award Story attorney fees and costs.

(h) To award Story pre-judgment and post-judgment interest at the appropriate rate provided by law, and all other legal and equitable relief, to which Story is entitled pursuant to any law, that this Court deems just, equitable and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL TO A JURY OF SIX (6) PERSONS ON ALL ISSUES SO TRIABLE**

Dated: May 11, 2020.

                                                      Respectfully submitted,

                                                      Patrick & Knoebel, LLC

                                                      /s/ *Tyler C. Patrick*
                                                      Tyler C. Patrick

                                                      ATTORNEYS FOR PLAINTIFFS

\*   *In accordance with C.R.C.P. 121-1-26(9), a printed copy of this document with original signatures is being maintained by this office and will be made available for inspection by other parties or the Court*

                                                      *Original duly signed and on file at the offices of Patrick & Knoebel, LLC*

                                                      /s/   *Tyler C. Patrick*
                                                          Tyler C. Patrick